### TRAITEL BROS. v. UNITED STATES.

(Circuit Court, S. D. New York. June 1, 1904.)

#### No. 3,264.

1. CUSTOMS DUTIES—CLASSIFICATION—WELSH QUARRY TILES—BRICK—SIMILITUDE.

So-called "Welsh quarries" are not dutiable as "tiles" under paragraph 88, Tariff Act July 24, 1897, c. 11, § 1, Schedule B, 30 Stat. 155 [U. S. Comp. St. 1901, p. 1632], but under paragraph 87 of said act, 30 Stat. 155 [U. S. Comp. St. 1901, p. 1632], as "brick, other than fire brick," which they closely resemble in material, quality, texture, and the use to which they are put, within the meaning of the so-called "similitude clause" in section 7 of said act, c. 11, 30 Stat. 205 [U. S. Comp. St. 1901, p. 1693].

Appeal by the Importers from a Decision of the Board of United States General Appraisers.

On application for a review of a decision of the Board of General Appraisers, which affirmed the assessment of duty by the collector of customs at the port of New York on merchandise imported by Traitel Bros. Note G. A. 4,645, T. D. 21,957.

J. Stuart Tompkins, for importers.

Henry A. Wise, Asst. U. S. Atty.

TOWNSEND, Circuit Judge. The merchandise in question comprises Welsh quarries, so called, which were assessed for duty by the collector at the rate of four cents per square foot, under the pro-

visions of paragraph 88 of Tariff Act July 24, 1897, c. 11, § 1, Schedule B, 30 Stat. 155 [U. S. Comp. St. 1901, p. 1632], as "tiles, plain, unglazed, one color, exceeding two square inches in size." The importers protested, claiming said merchandise to be properly dutiable at the rate of 25 per cent. ad valorem, under the provisions of paragraph 87 of said act, as "brick other than fire brick, not glazed, enameled, painted, vitrified, ornamented or decorated in any manner." The Board of Appraisers found that the merchandise is a species of tile known as "quarry tile," and accordingly overruled the protest. This decision appears to be based upon evidence taken in another case, and which is not a part of the record herein. It appears from the evidence herein that the merchandise passed upon in said case was of a different character from that which was before the board on the present protest. The evidence herein does not justify the finding of the board. It appears from the great weight of evidence that quarries are unlike tiles, and in material, quality, texture, and the use to which they may be applied closely resemble brick. They should therefore have been classified by similitude, under the provisions of paragraph 87, for "brick, other than fire brick," etc.

The decision of the Board of General Appraisers is reversed.