WADDELL & CO. *v.* UNITED STATES (No. 1242).[1]

1. BRICK.

The word "brick," other than fire brick, relates to brick used for structural or kindred purposes, and does not apply to all articles in which the word occurs as a designation.

2. RUBBING OR SCOURING BRICKS.

The importation is a stone, in brick shape it is true, but it is used in water in the process of rubbing, scouring, and cleaning marble, thus disintegrating in its use. It was properly assessed as an article or ware composed wholly or in chief value of earthy or mineral substances not specially provided for, not decorated, under paragraph 95, tariff act of 1909.

United States Court of Customs Appeals, January 14, 1914.

APPEAL from Board of United States General Appraisers, Abstract 33157 (T. D. 33660).
[Affirmed.]

*Comstock & Washburn* for appellants.

*William L. Wemple*, Assistant Attorney General (*Charles E. McNabb*, assistant attorney, of counsel; *Samuel Isenschmid*, special attorney, on the brief), for the United States.

Before MONTGOMERY, SMITH, BARBER, DE VRIES and MARTIN, Judges.

MONTGOMERY, Presiding Judge, delivered the opinion of the court:

The goods in question consisted of scouring bricks. The appraiser reported the merchandise as "in the shape of bricks of various sizes.

They are composed of silica, iron oxide, alumina, lime, and magnesia." They are shown by the testimony to be known as rubbing bricks, scouring bricks, German brick, or Schumacher rubbing bricks, and by stipulation between the parties it is agreed that the merchandise is for scouring and is used for abrasive purposes in rubbing and cleaning marble. The merchandise was assessed for duty at 35 per cent ad valorem under the provision of paragraph 95 of the tariff act of 1909 for "articles or wares composed wholly or in chief value of earthy or mineral substances, not specially provided for, not decorated." They are claimed to be dutiable at 25 per cent ad valorem under paragraph 84 as "brick other than fire brick, not glazed, enameled, painted, vitrified, ornamented, or decorated in any manner," or at $2 per ton under the provision of paragraph 90 for "clays or earths, wrought or manufactured, not specially provided for."

In the course of the proceedings below an order was made suppressing a deposition taken in Germany, and a motion was made to issue another commission to take testimony, which motion was overruled. It is argued that error was committed in these rulings. It is said in the brief of counsel that because the Government has universally contended that these scouring bricks were dutiable, if not at 35 per cent ad valorem under paragraph 95 as assessed, as articles or wares composed of earthy or mineral substances, then at the same rate of 35 per cent ad valorem under the provisions of paragraph 89 for "manufactures of pumice stone or of which pumice stone is the component material of chief value, not specially provided for;" that while the deposition of E. Schumacher failed to disclose all of the ingredients of these scouring bricks, it did show clearly that they were composed principally of gravel-like clay, and hence that they were not manufactures of pumice stone, and that to that extent at least the deposition was relevant and material. As the Government does not here contend that the articles are dutiable under the last clause of paragraph 89 as a manufacture of pumice stone, and as the importer, by a stipulation antedating the hearing below, waived his own claim under the earlier provisions of paragraph 89 for pumice stone wholly or partly manufactured, it is obvious that no injury was done to the importers' case by excluding the testimony to meet any claim which the Government might put forth under paragraph 89. We therefore do not deem it necessary to pass upon the rulings made by the board suppressing the deposition and refusing to issue another commission, and are not to be understood as intimating that any error was committed in either case.

The case is submitted upon the issue as to whether the goods were properly assessed or whether they should have been assessed as brick other than fire brick.

The paragraph under which the importers claim, after providing for fire brick, contains a further provision for "magnesite brick, chrome

brick, and brick other than fire brick, not glazed, enameled, painted, vitrified, ornamented, or decorated in any manner, 25 per centum ad valorem." The first impression given by reading this paragraph is that it is intended to include various kinds of brick which are used for structural or kindred purposes, and that it would be a departure from the intent of Congress to attribute to the word "brick" as here employed a meaning which should include an article which, instead of being used for such purposes, is used for a purpose which results in disintegrating and destroying the brick itself by its use. The testimony in the present case shows that the brick here in controversy is soaked in water before use and then used in water in the process of rubbing, scouring, and cleaning marble, thus disintegrating in its use. The fact that it resembles a brick in form does not in any way affect the question of its utility. It might be in any other form convenient to be handled and serve the same purpose. It is true that definitions may be found of a brick which might include such an article as is here involved. In the Oxford Dictionary a brick is defined as—

A substance formed of clay, kneaded, molded, and hardened by baking with fire, or in warm countries and ancient times by drying in the sun; used instead of stone as a building material.

But it is said in the brief of counsel that there are mentioned in the Century Dictionary bricks "not used for building purposes," "bath brick, Bristol brick, and carving brick; and among those of irregular sizes and shapes are feather-edged brick and gauged brick." But brick falling within these definitions have been held to be excluded from the provision for brick other than fire brick. The subject was first considered by the Board of General Appraisers in G. A. 1088 (T. D. 12316), and bath brick, which is one of the kinds of brick mentioned in the dictionary definitions, was held not to be within the meaning of the term "brick other than fire brick" and was held dutiable at 20 per cent as a nonenumerated manufactured article in the act of 1890.

The same merchandise (bath brick) was, in G. A. 3096 (T. D. 16217), held to be dutiable as an article composed of earthy or mineral substances, not decorated, under the tariff act of 1894.

But it having been determined in Dingelstedt *v.* United States (91 Fed., 112; 33 C. C. A., 395) that articles not susceptible of decoration were not dutiable under paragraph 97 of the act of 1897 as articles composed of earthy or mineral substances, not decorated, the board, in G. A. 4921 (T. D. 23028), held bath bricks dutiable as nonenumerated manufactured articles. The act of 1909, in paragraph 95, having, by the introduction of the words "whether susceptible of decoration or not" enlarged the scope of the paragraph and having overcome the objection to the classification of such articles as those here in question, under the provision for articles composed of earthy or mineral substances, the board again recurred to its former holding and held bath bricks dutiable under the pro-

visions of paragraph 95, in G. A. 7055 (T. D. 30752). The court's decisions as to bath brick have therefore been uniform save as the board has necessarily departed from its first holding to conform to the rule of the Dingelstedt case, only to return to the same ground when new legislation justified it. But throughout the board has consistently maintained that the term "brick other than fire brick" was not intended to include all articles called brick, or in which the word brick occurred in its designation, a view that is consistent with our own construction of phrases bearing some analogy. See United States v. Burlington Co. (3 Ct. Cust. Appls., 378; T. D. 32967) and United States v. Walter (4 Ct. Cust. Appls., 95; T. D. 33371). We think the rulings of the board are based upon sound reasoning, and without regard to the added force given to these rulings by a subsequent reenactment of the clause construed we should have no difficulty in reaching the same conclusion.

The case of Traitel v. United States (131 Fed., 994), in which it was held that the so-called Welsh quarries were dutiable as brick other than fire brick, is not inconsistent with the views of the board expressed in these cases. The substance of the board's holding is that the word brick, other than fire brick, relates to brick used for structural or kindred purposes. In the Traitel case the articles in question were Welsh quarries so used. The contesting provision in that case was for tiles under paragraph 88 of the tariff act of 1897. But the court said:

It appears from the great weight of evidence that quarries are unlike tiles, and in material, quality, texture, and the use to which they may be applied closely resemble brick. They should therefore have been classified by similitude, under the provisions of paragraph 87, for "brick, other than fire brick," etc.

No such question of similitude arises in this case. The decision of the board is *affirmed*.