(C.D. 3113)

HENRY DICKENS ROWLEY, a/c ROWLEY LAWRENCE CORPORATION *v.*
UNITED STATES

United States Customs Court, Third Division

(Decided September 11, 1967)

*Stein and Shostak* (*Marjorie M. Shostak* of counsel) for the plaintiff.
*Carl Eardley,* Acting Assistant Attorney General (*Sheila N. Ziff*, trial attorney), for the defendant.

Before RICHARDSON and LANDIS, Judges

LANDIS, Judge: Plaintiff here protests the collector's classification of "Triple Rojo," a building construction material imported from Mexico, as manufactures of earthy or mineral substances, not specially provided for, other (not decorated), under paragraph 214 of the Tariff Act of 1930, as modified, for which it was assessed at 15 per centum ad valorem.

Plaintiff claims the merchandise should have been classified under paragraph 201(b) as brick, not specially provided for, not glazed, enameled, painted, vitrified, ornamented, or decorated in any manner, and dutiable at the modified rate of 50 cents per 1,000 pieces.

Plaintiff has amended its protest to claim further that the collector's assessment of 15 per centum ad valorem under paragraph 214 is contrary to a long-established practice of classifying hollow brick under paragraph 201(b) and assessing duty at only 50 cents per 1,000 pieces which could not legally be increased and put into effect without first giving and publishing notice of the change of practice as required by section 315 of the Tariff Act of 1930 and section 16.10 of the Customs Regulations. This claim, however, is not required to be treated in this decision in view of the result we have reached.

The statutory provisions here involved are:

Assessed:

Paragraph 214, Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, T.D. 51802—

Earthy or mineral substances wholly or partly manufactured and articles, wares, and materials (crude or advanced in condition), composed wholly or in chief value of earthy or mineral substances, not specially provided for, whether susceptible of decoration or not (* * *):

    If not decorated in any manner:

\*      \*      \*      \*      \*      \*      \*

    Other _____ 15 ad val.

Claimed:

Paragraph 201(b), Tariff Act of 1930, as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade, T.D. 52739—

Brick, not specially provided for, not glazed, enameled, painted, vitrified, ornamented, or decorated in any manner _____ 50¢ per 1000

At the trial six trade witnesses testified, three for the plaintiff and three for the defendant. Plaintiff's exhibit 1 is an official sample of the hollow tile or hollow brick from the shipment in this case. It measures about 7⅝ by 3⅝ by 7⅞ inches. The appearance is that of three bricks, laid one on top of the other, with the core hollowed out of each brick.

The witnesses substantially agreed that articles, such as plaintiff's exhibit 1, are manufactured from the same type of clay material as brick, and that the process of manufacture is similar; that the articles at bar are bought and sold in quantities of 1,000 pieces, the same unit of quantity as other types of brick, and that they are laid by masons or bricklayers with mortar in the same manner that bricks are laid. It is likewise shown by testimony for both plaintiff and defendant that the articles at bar are structural clay masonry units, although defendant's witnesses testified that their companies regarded structural clay masonry units containing voids not in excess of 25 percent as brick, whereas their products with voids greater than 25 percent are called hollow tile. Several of the witnesses estimated the void in exhibit 1 to be in excess of 25 percent, perhaps 50 percent or more.

It is substantially agreed in this record that exhibit 1 is a building material generally known as hollow building tile (one domestic manufacturer of a similar type article called it "hollow brick") used by the construction trade in much the same manner as brick, that is, for exterior walls, partition walls, facing material, and backup walls.

Both sides rely on Tariff Commission reports and Summaries of Tariff Information, as submitted to Congress, to substantiate their respective positions under paragraph 201(b) and paragraph 214. However clear the meaning of a word may appear to be, in this case the word "brick," there is no rule of law which forbids using all available material which may tend to clarify its meaning as used in a statute. *United States* v. *Durst Mfg. Co., Inc.*, 46 CCPA 74, C.A.D. 700.

We have read and considered the legislative materials cited by the parties. Most persuasive of whether hollow tile or hollow brick was intended by Congress to be included within the designation in paragraph 201(b) of the Tariff Act of 1930 of brick, not specially provided for, is the material in The Summary of Tariff Information, 1929, which was before Congress when the Tariff Act of 1930 was being prepared and which states (at page 2233) :

## BRICK N.S.P.F.

Description and uses.—Building brick are made from plastic clay or shale, which is fired after moulding. When substances other than clay or shale are used the word "brick" is usually qualified by some descriptive term. Brick are shaped according to standard specified dimensions and are made from a large variety of clays and shales.

Common building brick are manufactured from the lowest grades of clay or shale which usually burn red in color. They are often graded according to their degree of hardness and freedom from distortion or other imperfections. The standard domestic common building brick measure 8 by 3¾ by 2¼ inches and weigh approximately 4 pounds each. They are used principally in ordinary structural work and in furnace installations.

Face brick, as the name implies, ordinarily superior in quality to common building brick, are used principally for the exterior of buildings, and to some extent for interior work. They are used to produce many artistic or architectural effects, and particular care is given to the appearance of the exposed face of the brick.

Ornamental and enameled brick are types of face brick, more elaborate in shape, texture, and finish than the ordinary face brick. They are used for exterior and interior facings for buildings and for decorative effects.

Paving brick * * *.

Sand-lime brick for structural purposes, * * * are formed in a press from an intimate mixture of sand and hydrated lime, and subsequently hardened by exposure to steam in large steel cylinders. This type of brick, usually light in color, is used largely for the same purposes as common clay building brick.

Hollow *building tile are structural shapes made of clay or shale with thin outside walls and supporting webs surrounding two or more cells.* They are made by mechanically forcing the plastic clay through a die, cutting to the desired length, and subsequently firing in a kiln. Domes-

tic standard specifications provide for *19 different sizes* varying in weight from 9 to 48 pounds. *They are used principally for exterior walls, foundations, partitions, and in construction* where a degree of insulation is desired. When used for exterior walls, hollow building tile are often salt-glazed to render them resistant to atmospheric conditions.

   *         \*         \*         \*         \*         \*         \*

Production.—Common building brick are manufactured in every State in the Union. * * *

   *         \*         \*         \*         \*         \*         \*

The production in 1927 of *hollow building tile* was valued at $26,-499,380. The value of the production of 156 plants reporting the manufacture of this commodity as a primary product was $25,993,175. * * *

   *         \*         \*         \*         \*         \*         \*

The following table shows the domestic production of structural brick, by kinds, and of *hollow building tile*, for specified years:

   *         \*         \*         \*         \*         \*         \*

Imports.—Imports of structural brick consist almost wholly of common clay building brick, * * *. The imports include small quantities of enameled brick, * * *, and insulating brick * * *. The statistics of imports of brick also include an indeterminable quantity of *hollow clay building tile*, glazed and unglazed. * * * [Emphasis supplied.]

It is readily apparent from the foregoing that Congress intended to include, in the provision for brick, not specially provided for in paragraph 201(b), *supra*, hollow building tile such as is involved in the instant case.

This intent was carried forward in the trade agreement with Canada, T.D. 49752, effective January 1, 1939, where, in reducing the duty rate on brick, not glazed, enameled, painted, vitrified, ornamented or decorated in any manner, the negotiators also recognized hollow building tile as a kind of brick. There, in the Digest of Trade Data, Second Trade Agreement between the United States and Canada, the negotiators stated with respect to brick (vol. 2, pp. 2–8):

General statement

Bricks dutiable under paragraph 201(b) are structural units, usually made from clay or shale, shaped while plastic, and subsequently fired. Not conforming strictly to this description are sand lime bricks and cement-sand bricks which are produced in relatively small quantities. *The major types of brick under this tariff classification are* [emphasis added]:

(1)   Common building brick.—This type, serviceable for ordinary construction, is usually made from the lowest grades of clay or shale which fire, as a rule, to some shade of red. The standard domestic product measures 8 by 3¾ by 2¼ inches and weighs about 4½ pounds.

(2)   Face brick.—Bricks of this type, whether or not possessing a special finish or texture, are used to some extent for exposed interior

work, but principally for the exterior finish of buildings. They must be properly fired for durability, and particular care must be given to the finish of the face to be exposed.

(3)   The most important of the other types of brick included under this n.s.p.f. classification are *paving brick* [emphasis quoted] (hard-fired brick used for paving streets and roads), *hollow building tile* [emphasis quoted] (*structural shapes of webb and cell construction used for partitions and other walls, either load bearing or otherwise*) [emphasis added], *sand-lime brick* * * * and *cement-sand brick* [emphasis quoted] (* * *, used largely for same purposes as common clay building brick).

Our decision that hollow building tile used in the construction trade is *eo nomine* brick under paragraph 201(b) (*cf. United States* v. *National Carloading Corp. et al.*, 48 CCPA 70, C.A.D. 767) is consistent with earlier decisions holding quite similar construction material dutiable as brick rather than as earthy or mineral substances. *M. V. Crabtree* v. *United States*, 41 Treas. Dec. 483, T.D. 39186 (so-called hollow building brick used as ordinary brick is used in the construction of buildings); *Wm. H. Grueby* v. *United States*, 47 Treas. Dec. 249, T.D. 40723 (blocks 9 by 4⅜ by 3⅜ inches and 6 by 6 by 3⅜ inches containing vertical hollow spaces and used in construction); *Van Oppen & Co. (Inc.)* v. *United States*, 51 Treas. Dec. 218, T.D. 42028 (an article 9 by 4½ by 2½ inches chiefly used for insulating purposes in walls). But *cf. Marks Bros., Inc.* v. *United States*, 7 Cust. Ct. 53, C.D. 534, affirmed *Id.* v. *Id.*, 30 CCPA 35, C.A.D. 210 (glass blocks). It is not how an article is called, but how it is used that determines whether it is brick. *Waddell & Co.* v. *United States*, 5 Ct. Cust. Appls. 63, T.D. 34098 (scouring brick).

While there is a good deal of testimony that the trade considers brick as a structural clay form having no more than a 25 percent void (this was used as an administrative guide to classify clay articles as brick or not brick), the statute, as enacted by Congress, imposes no such limitation. What the Supreme Court said in *Morrill* v. *Jones*, 106 U.S. 466, is quite apt to the situation here:

The Secretary of the Treasury cannot, by his regulations, alter or amend a revenue law. All he can do is to regulate the mode of proceeding to carry into effect what Congress has enacted. In the present case we are entirely satisfied the regulation acted upon by the Collector was in excess of the power of the Secretary. The statute clearly includes animals of all classes. The regulation seeks to confine its operation to animals of "superior stock." This is manifestly an attempt to put into the body of the statute a limitation which Congress did not think it necessary to prescribe. Congress was willing to admit duty free all animals specially imported for breeding purposes; the

Secretary thought this privilege should be confined to such animals as were adapted to the improvement of breeds already in the United States. In our opinion, the object of the Secretary could only be accomplished by an amendment of the law. That is not the office of a treasury regulation.

The claim of the plaintiff that the hollow building tile or hollow brick should be classified as brick, not specially provided for, not decorated, glazed, or ornamented in any manner, under paragraph 201(b), *supra*, as modified by T.D. 52739, is, therefore, sustained and judgment rendered for the plaintiff accordingly.