The protests are overruled. And judgment will be entered herein accordingly.

LANDIS, Judge: I concur only in the result overruling these protests.

The letters claimed to be appeals for reappraisement were written and sent to customs by a customhouse broker, in the capacity of agent for the plaintiff. The sense of the letters is not that they are appeals for reappraisement to a judge of this court under section 501 of the Tariff Act of 1930, as amended (19 U.S.C.A., section 1501), but rather requests for administrative relief under section 520(c)(1) of the Tariff Act of 1930 (19 U.S.C.A., section 1520).

The record establishes that the person who wrote the letters was himself a customhouse broker who had been handling customs business for 25 years. One must conclude that a customhouse broker in business 25 years, intending to file appeals for reappraisement under section 501, who does not use the familiar and simple customs form (Customs Form 4305) made available for filing an appeal to reappraisement, or who does not, at very least, couch his letters in a sense that conveys they are intended as appeals for reappraisement under section 501, does so at the great risk and peril of the result reached in this case. Cf. *Continental Ore Corporation* v. *United States*, 67 Cust. Ct. 202, C.D. 4274, 331 F. Supp. 1060 (1971).

(C.D. 4347)

HENRY DICKENS ROWLEY, a/c ROWLEY LAWRENCE CORPORATION ET AL. } v. UNITED STATES

United States Customs Court, Third Division

(Decided March 29, 1972)

*Stein & Shostak* (*Marjorie M. Shostak* of counsel) for the plaintiffs.
*L. Patrick Gray, III*, Assistant Attorney General (*Robert Blanc*, trial attorney), for the defendant.

Before RICHARDSON and LANDIS, Judges, and ROSENSTEIN, Senior Judge

LANDIS, Judge: The issue in this case covering 59 protests, consolidated and tried at Laredo, Texas, the port of entry, is whether masonry units, commercially known as solar screen hollow building tile, exported from Mexico, and entered at Laredo during the period June 17, 1959 through August 27, 1963, were properly classified by customs as manufactures of earthy or mineral substances, not specially provided for, under paragraph 214 of the Tariff Act of 1930, as modified, or should be classified as contended by plaintiffs, as brick, not specially provided for, under paragraph 201(b) of the Tariff Act of 1930, as modified.

The manufacturer, Ladrillera Monterrey, S. A., invoiced the units as "Celosia", the Spanish term for solar screen. Whether particular units were "not decorated" or "decorated" for purposes of duty assessment under paragraphs 214 and 201(b), set forth, *infra*, is not in dispute.

We do not reach the alternative amended claim of plaintiffs that the classification under paragraph 214 was contrary to a uniform and long established customs practice of classifying solar screen hollow building tile under paragraph 201(b), which could not legally be increased without first giving and publishing notice of the change in practice as required by section 315(d) of the Tariff Act of 1930, 19 U.S.C.A. § 1315(d) [1] and section 16.10 of the Customs Regulations. *Henry Dickens Rowley, a/c Rowley Lawrence Corporation* v. *United States*, 59 Cust. Ct. 174, C.D. 3113 (1967).

Plaintiffs having moved, under Rule 20 of this court, to incorporate the *Rowley* record, *supra*, into the record of this case, we are inclined, on defendant's objection, to deny the motion. While the questions of fact and law in this case are substantially the same as were decided in *Rowley*, *supra*, it appears, as this record establishes, that the hollow building tile units in *Rowley* (i.e. tile having the appearance of three bricks laid one on top of the other with the core hollowed out of each

---

[1] Section 315(d) provides as follows:

> (d) No administrative ruling resulting in the imposition of a higher rate of duty or charge than the Secretary of the Treasury shall find to have been applicable to imported merchandise under an established and uniform practice shall be effective with respect to articles entered for consumption or withdrawn from warehouse for consumption prior to the expiration of thirty days after the date of publication in the weekly Treasury Decisions of notice of such ruling; but this provision shall not apply with respect to the imposition of antidumping duties. * * *

brick) and the solar screen hollow building tile units in this case, are substantially different kinds of masonry construction units. The evidence in *Rowley, supra*, cannot, therefore, be deemed of any assistance to plaintiffs on the merits of classifying solar screen hollow building tile under paragraph 214 or paragraph 201(b).

The customs and claimed classifications and duty rates under the Tariff Act of 1930, as modified, are as follows:

Customs classification and duty assessments:

Paragraph 214, Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, T.D. 51802:

> Earthy or mineral substances wholly or partly manufactured and articles, wares, and materials (crude or advanced in condition), composed wholly or in chief value of earthy or mineral substances, not specially provided for, whether susceptible of decoration or not (* * *):
>> If not decorated in any manner:
>> \*    \*    \*    \*    \*    \*    \*
>>> Other _____ 15% ad val.

[As modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade and other matters, effective June 30, 1958, T.D. 54108:]

> Other, if decorated (* * *)_____ 34% ad val.

[As modified by the 1960–61 GATT tariff negotiations, effective July 1, 1962, T.D. 55615, page 253:]

> Other, decorated (* * *)_____ 30½% ad val.

Claimed classification and duty assessments:

Paragraph 201(b), Tariff Act of 1930:

> All other brick, not specially provided for: * * * if glazed, enameled, painted, vitrified, ornamented, or decorated in any manner, 5 per centum ad valorem, but not less than $1.50 per thousand.

[As modified by the Torquay Protocol to the General Agreement on Tariffs and Trade, T.D. 52739:]

> Brick, not specially provided for, not glazed, enameled, painted, vitrified, ornamented, or decorated in any manner_____ 50¢ per 1000

Plaintiffs' case for classifying the solar screen hollow building tile as brick rests on the use of solar screen units as testified to by three trade witnesses; physical samples representative of three of the several styles of solar screen units (the protest entries cover more

than just the three styles) imported (exhibits 1, 2, 3) ;[2] advertising brochures of the manufacturer bearing the manufacturer's trade name "Lamosa" listing the several sizes and illustrating the variety of hollow patterns in which solar screen tile is made and sold (exhibits 4, 5) ; black and white photographs showing the extrusion process of manufacturing hollow building tile and the kind of dies used to get the variety of hollow patterns (exhibits 6 through 12) ; and United States domestic brochures in color, and a photograph in black and white, illustrating how solar screen tile is used as a masonry construction unit in the architectural design of the exterior and interior walls of various structures, including a bank in San Diego, Calif., city and state buildings in Alhambra and Modesto, Calif., and Arizona, and a school in Paramount, Calif. (exhibits 13, 14, and 15).

The testimony of record which, as plaintiffs point out, materially parallels that in the *Rowley* case, *supra*, substantially establishes that solar screen hollow building tiles are clay masonry units, manufactured from the same type of clay materials as brick; that the extrusion process of manufacture is similar to the way brick is made; that a variety of dies are used to hollow the tiles in various patterns; that solar screen tiles are bought and sold in units of one thousand, the same as other brick, and that solar screen tiles are laid with mortar by bricklayers in the same manner that bricks are laid. The exhibits, as well as the testimony, also establish that solar screen tiles are used by the construction trade in much the same manner as brick, that is, for exterior and interior walls, as partition walls and dividers, and as facing material. In those uses, solar screen tiles are normally used as non-load-bearing units and are mortared with the hollow cells showing so that the pattern of the hollow cells reflects an architecturally uniform and decorative face. Aside from the fact that the witnesses testified that the solar screen tile was designed for use where air access and protection against solar radiation were principal considerations, solar screen tiles, quite obviously, offer the architect a wide latitude of use in the architectural design of exterior and interior walls, partitions and dividers.

Defendant argues two principal points for not classifying solar screen tiles as brick. It first contends that the uses of solar screen tiles are not the same as brick, because solar screen tiles are normally not used as load-bearing units, and they are mortared in a fashion that the hollow cells are exposed or faced in a decorative pattern. It secondly contends that legislative history indicates that Congress, con-

---

[2] The exhibits, apparently broken in transportation from Laredo to the seat of the court in New York, offer no visual insight to their style.

trary to what we said in *Rowley, supra*, intended to classify hollow building tiles under paragraph 214 (earthy or mineral substances).

We find no authority, and defendant cites none, which supports that *sine qua non* to the classification of brick under paragraph 201(b), the masonary construction unit must be load-bearing, mortared in a particular way, and non-decorative. Indeed the legislative history and cases cited, and discussed, in the *Rowley* decision, *supra*, support the contrary.

The legislative history relied on by defendant is the discussion in the 1921 Tariff Information Surveys on paragraph 81 (earthy or mineral substances) of the Tariff Act of 1913 (Survey B–7); paragraphs 71 and 72 (bricks and tiles) of the 1913 Act (Survey B–1); the Summary of Tariff Information (1921), discussing paragraph 214 (earthy or mineral substances) of the Tariff Act of 1922, at page 299, and the Summary of Tariff Information (1929) discussion of paragraph 214, at page 492. Absent more definitive legislative history and court decisions on the classification of hollow building tile, the legislative history cited by defendant could be construed to reflect an intent to classify hollow building tile under the tariff provision for earthy or mineral substances. At the time the 1921 legislative history was being written, however, it was decided in *M. V. Crabtree* v. *United States*, 41 Treas. Dec. 483, T.D. 39186 (1922), that hollow building brick used as ordinary brick is used in the construction of buildings was properly dutiable as brick under paragraph 71 of the 1913 Act, rather than as an earthy or mineral substance under paragraph 81. In 1925, *Wm. H. Grueby* v. *United States*, 47 Treas. Dec. 249, T.D. 40723 (1925), decided that building blocks with vertical hollow spaces were properly dutiable as brick, not specially provided for, under the 1922 Tariff Act. In *Rowley, supra*, we considered the contrasting discussion in the Summary of Tariff Information (1929) on the classification of hollow building tile under paragraphs 214 and 201(b), and quoted what, in our opinion, was the more definitive discussion supporting the classification of hollow building tiles as brick, not specially provided for, under paragraph 201(b) of the 1930 Tariff Act. Although defendant argues the contrary, the following definitive discussion quoted in *Rowley*, points up that the provision in paragraph 201(b) is not limited to brick which is load-bearing:

> (3) The most important of the other types of brick included under this n.s.p.f. classification [201(b)] are * * * *hollow building tile (structural shapes of webb and cell construction used for partitions and other walls, either load bearing or otherwise)* * * *. [59 Cust. Ct., at page 178. Emphasis quoted.]

We would now note that in conjunction with the 1929 definitive discussion on the classification of brick, not specially provided for, Con-

gress was specifically advised of the 1925 decision in *Wm. H. Grueby v. United States, supra.*[3] Congressional approval of the *Grueby* decision is manifested in the principle that Congress, having actual notice of the *Grueby* decision interpreting the 1922 tariff classification of brick, not specially provided for, as to include hollow building units, and having reenacted the provision in the same language in paragraph 201(b) of the Tariff Act of 1930, is presumed to have approved of the *Grueby* decision. *United States v. Loffredo Bros., Gehrig Hoban & Co., Inc.,* 46 CCPA 63, 65, C.A.D. 697 (1958); *United States v. E. Dillingham, Inc.,* 41 CCPA 221, 225, C.A.D. 555 (1954); *United States v. The Water Treatment Co. of America, etc.,* 33 CCPA 174, 178, C.A.D. 332 (1946). Uniformity of tariff classification, an important tariff principle, *United States v. Loffredo, supra,* in our opinion, further dictates that upon the facts of record, the solar screen hollow building tiles be classified as brick, not specially provided for under paragraph 201(b).

The protests are sustained. Judgment will be entered accordingly.

(C.D. 4348)

VOLKSWAGEN OF AMERICA, INC. *v.* UNITED STATES

---

[3] Summary of Tariff Information (1929), page 2240; see also Committee Print of Memorandum of Court Decisions Affecting Tariff Act of 1922, prepared for the use of the Committee on Ways and Means, House of Representatives, par. 211, pages 8, 9.